FILED
SUPERIOR COURT
OF GUAM

2020 AUG 13 PM 4 24

CLERK OF COURT

BY: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JMSH LLC,<br><br>                 Plaintiff,<br><br>    vs.<br><br>PACIFIC AIR COMMERCE SERVICES,<br>LLC; MICRONESIA AIR CARGO<br>SERVICES, LLC; and JOHN J. STEWART,<br><br>                 Defendants. | CIVIL CASE NO. CV0451-18<br><br>**DECISION AND ORDER** |

### INTRODUCTION

This matter is before the Honorable Vernon P. Perez on Defendants Pacific Air Commerce Services, LLC and John J. Stewart's (collectively, "Defendants") Motion to Dismiss Amended Complaint and for an Order Staying this Proceeding and Motion for Rule 11 Section Sanctions Against JMSH, LLC, Daniel J. Berman, and Berman O'Connor & Mann. Defendants are represented by Attorneys Joyce C.H. Tang and Leslie A. Travis. Plaintiff is represented by Daniel J. Berman. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

### BACKGROUND

This matter stems from a dispute regarding an Airline Passenger Services Agreement dated September 10, 2015 ("the Agreement") between Plaintiff and Defendants. Plaintiff accuses Defendants of (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) violation of the deceptive trade practices act; (4) fraudulent inducement; (5)

fraudulent concealment; and (6) disregard of corporate entity. *See* Am. Compl., Jul. 25, 2018. Defendants filed a Motion to Dismiss the Amended Complaint, to which the Court dismissed all claims against Defendant Micronesia Air Cargo Services, LLC ("MACS") and all claims against Defendant Stewart, with the exception of Count V. *See* Dec. & Order, Jan. 31, 2019; Order Clarifying Jan. 31, 2019 D&O, Mar. 7, 2019. On February 14, 2019, Defendants filed their Answer to Amended Complaint.

On December 6, 2019, Defendants filed a Motion to Dismiss Amended Complaint and for an Order Staying this Proceeding ("Motion to Dismiss"). On December 17, 2019, a Stipulation and Order Staying Proceedings Pending Resolution of the Motion to Dismiss was filed. On January 13, 2020, Plaintiff filed its Opposition to the Motion to Dismiss, and on January 27, 2020, Defendants filed their Reply.

On January 14, 2020, Defendants filed a Motion for Rule 11 Sanctions against JMSH, LLC, Daniel J. Berman, and Berman O'Connor & Mann ("Motion for Sanctions"). On February 11, 2020, Plaintiff filed its Opposition, and on February 25, 2020, Defendants filed their Reply.

On January 27, 2020, Defendants filed a Request for Evidentiary Hearing regarding the Motion to Dismiss. On February 21, 2020, Plaintiff filed its Opposition to this request.

A Motion Hearing was initially calendared for March 5, 2020, to hear arguments on Defendants' two motions. This hearing was rescheduled to March 27, 2020, due to an asserted criminal jury trial. The March 27, 2020 did not take place, however, because of the Governor of Guam's Declaration of a State of Emergency and the closure of the Judiciary of Guam to the public because of health concerns regarding the COVID-19 (coronavirus) pandemic. On April 15, 2020, Plaintiff filed a Motion for Determination re: Oral Argument Not Necessary Per CVR 7.1(e)(2). Defendants did not file a response, and the Court subsequently placed the motions under advisement on the briefs. *See* CVR 7.1 Form 3 (Mot. Dismiss Am. Compl.), May 22, 2020; and CVR 7.1 Form 3 (Mot. for Rule 11 Sanctions), May 22, 2020.

//

//

## DISCUSSION

## I. Defendants' Motion to Dismiss Amended Complaint

The Court will first address Defendants' Motion to Dismiss Amended Complaint. Defendants move the Court to dismiss the Amended Complaint because Plaintiff does not fulfill the statutory requirements to maintain this action, and Plaintiff is not licensed under Guam law. *See generally*, Mot. Dismiss, Dec. 6, 2019. Plaintiff opposes, arguing that JMSH LLC exists at present, and is conclusively deemed by statute to have continued with interruption from the date of dissolution; that Guam law provides for post-dissolution lawsuits; that trustees of an LLC may act on behalf of and in the name of a dissolved LLC; and that Defendants waived the basis for their motion to dismiss because it was not included in any of their affirmative defenses. *See generally*, Opp'n, Jan. 13, 2020.

### A. Whether Defendants' Motion is Timely

The first issue before the Court is whether Defendants may move to dismiss this matter at this juncture in the proceeding. This is Defendants' second motion to dismiss, and their Answer to the Amended Complaint was filed on February 14, 2019. Plaintiff argues that "Defendants had every opportunity to plead a relevant affirmative defense which conforms to the grounds for this motion, but they did not do so in a timely or any other manner" and that such affirmative defense is therefore deemed waived. (Opp'n at 14-15). None of the affirmative defenses listed by Defendants in their February 14, 2019 Answer address business licenses, Guam business license law, or corporate dissolution. Defendants set forth that lack of standing is a threshold jurisdictional matter and cannot be waived; it can be raised at any stage of the proceedings." (Reply at 10).

"Standing is a threshold jurisdictional matter." *Benavente v. Taitano*, 2006 Guam 15 ¶ 14. "[A] court has no subject matter jurisdiction to hear a claim when a party lacks standing. The question of standing focuses on who may bring an action." *Id.* (internal citations omitted). Although this Motion to Dismiss has been brought almost a year and a half after the Amended Complaint was filed in July 2018, the Court will not deny the Motion solely on untimeliness, as standing is a threshold jurisdictional matter.

---

*JMSH vs Pac Air, et al.*
Case No. CV451-18
Decision and Order

## B. Whether Plaintiff fulfills the statutory requirements to file this action

### i. Existence of JMSH as a Limited Liability Corporation

Defendants first argue that JMSH does not exist and therefore cannot meet the statutory requirements to initiate and maintain this action. Defendants argue that the Guam Limited Liability Company Act, 18 G.C.A. §§ 15101, *et seq.*, does not authorize JMSH to bring or maintain this action following dissolution. *See* Mot. Dismiss at 2; Reply at 1-9. JMSH argues that under the Guam Limited Liability Company Act ("GLLCA"), it exists at present and is conclusively deemed by statute to have continued without interruption from the date of dissolution. (Opp'n at 6-9). JMSH also sets forth that section 15125(b) of the GLLCA provides for post-dissolution suits. *Id.* at 10-11.

It is undisputed that JMSH was dissolved on December 11, 2017.[1] *See* Ex. A (Certificate of Dissolution, Dec. 11, 2017), Decl. of Leslie Travis in Support of Mot. Dismiss; Opp'n at 2, Jan. 13, 2020. JMSH initiated this action on May 9, 2018, five months after it was dissolved. *See* Compl., May 9, 2018. Accordingly, the first issue before the Court is whether JMSH is deemed to have continued without interruption from the date of dissolution under 18 G.C.A. § 15128.

Section 15128 provides that an officer or director of a dissolved limited liability company may apply for reinstatement. "Such application shall be filed by the Department of Revenue and Taxation whenever it is established to the satisfaction of the Department that in fact there was no cause for the dissolution or that the reasons for the dissolution have been corrected. . . ." 18 G.C.A. 15128(a). "Whenever the application for reinstatement is approved and filed by the Department of Revenue and Taxation, the existence of the limited liability company shall be deemed to have continued without interruption from the date of dissolution." 18 G.C.A. § 15128(b). Accordingly, the Court finds that this section involves reinstatement

---

[1] To this end, the Court finds that an evidentiary hearing is not necessary on the Motion to Dismiss, as requested by Defendants. The issues before the Court involve questions of law as to the meaning and applicability of the GLLCA.

after *involuntary dissolution*[2] and is therefore inapplicable in this case, as JMSH voluntarily filed articles of dissolution in 2017.

The next issue before the Court is whether the GLLCA contains a survival statute extending the life of a dissolved corporate entity. Under 18 G.C.A. § 15125(b), "[u]pon the issuance of such certificate of dissolution, the existence of the company shall cease, except for the purpose of suits, other proceedings in this Chapter." Section 15125(b) allows for the "manager or managers in office at the time of dissolution, or the survivors of them, or, if none, the members, shall thereafter be trustees for the members and creditors of the dissolved limited liability company; and as such the trustees shall have authority to distribute any company property discovered after dissolution, to convey real estate, and to take such other action as may be necessary on behalf of and in the name of such limited liability company." As an initial matter, the Court notes that JMSH managers or members did not bring forward this lawsuit in their capacity as trustees for the creditors and shareholders of JMSH; the Plaintiff in this matter is solely the LLC itself. Nonetheless, the Court finds that section 15125(b) is not a survival statute because it does not provide for expansive rights for an LLC to sue and be sued for a specified period of time following dissolution, even for the purpose of "winding up" affairs.

"[C]orporations exist for specific purposes, and only by legislative act, so that if the life of the corporation is to continue even only for litigating purposes it is necessary that there should be some statutory authority for the prolongation." *Oklahoma Nat. Gas Co. v. State of Oklahoma*, 273 U.S. 257, 259 (1927). In Guam's General Corporation Law, codified at 18 G.C.A. § 1101 *et seq.*, the Legislature specifically authorized a dissolved corporation to continue for three years following dissolution "for the purpose of prosecuting and defending suits by or against it and of enabling it gradually to settle and close its affairs, to dispose of and

---

[2] The Court acknowledges that the statute references section 15124 ("Articles of Dissolution") instead of section 15127 ("Involuntary Dissolution"), but finds that this is a typographical error. The GLLCA provisions related to dissolution are nearly identical to the 1977 Florida Limited Liability Company Act. *See* Decl. of Counsel in Support of Reply Memorandum, Ex. A (1977 Florida Limited Liability Company Act), Jan. 27, 2020. The 1977 FLLCA section 606.295 states that the reinstatement provision applies to LLC's dissolved under the subsection providing for involuntary dissolutions.

---

convey its property and to divide its capital stock, but not for the purpose of continuing the business for which it was established." 18 G.C.A. § 5105. The survival statute reflects a legislative intent to establish a definite point in time when a corporation ceases to exist and can no longer sue or be sued. In the GLLCA, however, the Legislature did not include such a provision. The Court is inclined to agree with Defendants that if the Legislature intended to extend the life of an LLC for the purpose of prosecuting all manner of suits, it certainly could have done so, as it did in the GCL. *See, e.g., Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 62-63 (2006) ("We normally presume that, where words differ as they do here, Congress acts intentionally and purposefully in the disparate inclusion or exclusion."). The "winding up" of an LLC is specifically referred to instead in 18 G.C.A. § 15122, whereby "[u]pon the filing of the Department of Revenue and Taxation of a statement of intent to dissolve, the limited liability company shall cease to carry on its business, except insofar as may be necessary for the winding up of its business, but its separate existence shall continue until a certificate of dissolution has been issued by the Department of Revenue and Taxation. . ." Upon completion of the winding up process, a certificate of dissolution of the LLC is executed. *See* 18 G.C.A. § 15124 ("When all debts, liabilities, and obligations of the limited liability company have been paid or discharged, or adequate provision has been made therefore, and all of the remaining property and assets of the limited liability company have been distributed to the members, articles of dissolution shall be executed. . ."); 18 G.C.A. § 15125 ("If the Department of Revenue and Taxation finds that such articles of dissolution conform to law, it shall . . . file the statement of intent to dissolve the company in accordance with this Chapter. The Department of Revenue and Taxation shall then issue a certificate of dissolution.").

The Court also finds that the plain language of section 15125(b) limits post-dissolution LLC suits to actions identified in the GLLCA. "The plain language of a statute is the starting point for statutory interpretation." *Castro v. G.C. Corp.*, 2012 Guam 6 ¶ 20. "Absent clear legislative intent to the contrary, the plain meaning prevails." *Sumitomo Constr. Co. v. Gov't of Guam*, 2001 Guam 23 ¶ 17. Section 15125(b) sets forth that "[u]pon the issuance of such certificate of dissolution, the existence of the company shall cease, except for the purpose of

suits, other proceedings in this Chapter." The GLLCA provides authority for several claims. *See* 18 G.C.A. §§ 15114(E); 15114(G)(e); 15114(H); and 15116(F). Additionally, an LLC may be dissolved even if there is a pending suit against the company if "adequate provision has been made for the satisfaction of any judgment, order, or decree which may be entered against it in any pending suit" prior to dissolution. *See* 18 G.C.A. § 15124(e). Accordingly, the Court finds that under section 15125(b), the LLC ceases to exist for all other purposes including non-GLLCA suits. Lastly, while managers of a dissolved LLC may "take such other action as may be necessary," such action is limited to actions available in the GLLCA. *See, e.g., Camacho v. Estate of Gumataotao*, 2010 Guam 1 ¶ 19 (it is a "well-settled principle of statutory construction that a narrower, more specific provision of a statute takes precedence over a more general provision of the same statute with respect to the same subject matter."). Therefore, the Court finds that JMSH does not fulfill the statutory requirements to bring this action, and this matter must be dismissed.

As the Court finds that this matter cannot move forward based on JMSH's lack of standing, it does not need to address the parties' arguments regarding JMSH's business license.

## II. Defendants' Motion for Rule 11 Sanctions

Defendants also move the Court to impose Rule 11 sanctions against JMSH, its former principals Hee Cho and Min Cho, and JMSH's attorney of record "for bringing and maintaining this lawsuit on behalf of an entity which does not exist." (Mot. Sanctions at 1, Jan. 14, 2020). Defendants allege that "[b]ecause JMSH was dissolved before this action was initiated, its principals and counsel knew when they filed the Complaint (and later filed the Amended Complaint), that they were materially misrepresenting that: (1) JMSH *is* a limited liability company organized and registered under Guam law; (2) that JMSH held a valid business license, as required under Guam law in order to maintain an action in Guam courts; and (3) that JMSH meets the basic jurisdictional requirements of Guam law as plaintiff to file and maintain this lawsuit." *Id.* at 2. Defendants seek as a sanction for this case to be dismissed in its entirety and for JMSH's former principals and counsel to pay Defendant's legal fees and costs, which at the date of the filing of the Motion totaled over eighty-five thousand dollars ($85,000). *Id.*

Rule 11 of the Guam Rules of Civil Procedure ("GRCP") provides in relevant part that:

> (b) Representations to Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>
> > (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> >
> > (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> >
> > (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Guam R. Civ. P. 11(b). If the Court determines that subsection (b) has been violated, it may, subject to the conditions stated in subsection (c), impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subsection (b) or are responsible for the violation. Guam R. Civ. P. 11(c).

The Court, having reviewed the parties' declarations regarding the Motion for Sanctions, declines to impose any monetary sanctions at this time. The matter is dismissed.

//

//

//

//

//

//

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendants' Motion to Dismiss and DENIES Defendants' Motion for Rule 11 Sanctions.

**IT IS SO ORDERED** this 13th day of August, 2020.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam